## No. 9946.

### BROWN *v.* VAN CISE, ET AL.

Decided November 8, 1920.

Action to restrain election officials from proceeding under a certificate of nomination alleged not to have been filed in the proper office. Injunction granted.

*Affirmed.*

1. ELECTIONS—*Certificate of nomination—Filing.* Under the provisions of sec. 26, Ch. 4, S. L. 1910, providing that a certificate of nomination for an office to be filled by the voters of a district greater than a county shall be filed with the secretary of state, a certificate of nomination for the office of district attorney of the second judicial district should be filed with the secretary of state, notwithstanding the boundaries of the district were coincident with those of the county.

2. WORDS AND PHRASES—*"District greater than a county"* is intended to refer to that kind of a district which is commonly greater than a county. The coincidence of the boundaries of a district with those of a county in a particular instance is of no consequence.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. PHILIP HORNBEIN, Mr. BERNARD J. FORD, for plaintiff in error.

Mr. HENRY E. MAY, Mr. WM. R. EATON, Mr. BENJAMIN GRIFFITH, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

CERTAIN parties filed with the Election Commission of Denver a certificate nominating James H. Brown as a candidate for the office of District Attorney of the Second Judicial District. The boundaries of that district are coincident with those of the City and County of Denver and it

is the only judicial district which does not comprise more than one county.

Van Cise, defendant in error, brought suit in the District Court and obtained an injunction forbidding further procedure under the certificate, on the grounds, inter alia, that it was not filed in the proper place, viz., the office of Secretary of State, nor within the proper time, viz.,—thirty days before election.  Brown brings error.

He relies on § 26 of the Act of 1910 concerning elections: "said certificate  *  *  *  shall be filed with the Secretary of State, when for an office or offices to be filled by the voters of the entire State or of any division or district greater than a county; with the county clerk when for an office or offices to be filled by the voters of an entire county  *  *  *.  The certificates  *  *  *  to be filed with the Secretary of State shall be filed not  *  *  *  less than thirty days  *  *  *  and the certificates  *  *  *  to be filed with the county clerk not  *  *  *  less than fifteen days before the day of election."

In Denver the election commission takes the place of the county clerk.

The contention of plaintiff in error, of course, is that since the bounds of the Second Judicial District are the same as those of a county, it is not a district "greater than a county."  We are all agreed, however, that by the words "district greater than a county" the statute intended to refer to that kind of district which is commonly greater than a county, and that the coincidence of a district's boundaries with those of a county is of no consequence.  The office in question is an office of that kind of district which is greater than a county.

This interpretation better accords with the rest of the Act; for example: otherwise we must say that the legislature neglected, in § 9, to provide for the placing of the name of a candidate for any office of the second judicial district on the primary ballot; moreover it seems to us most improbable that the legislature intended that some candidates for the office of district attorney or district judge should

file certificates with the Secretary of State and others elsewhere. The judgment is affirmed.

MR. JUSTICE SCOTT and MR. JUSTICE BURKE not participating.